### JAPAN IMPORT CO., INC. *v.* UNITED STATES

**No. 4519.**—Invoices dated Kobe, Japan, January 27, 1933.
Certified January 28, 1933.
Entered at San Francisco, Calif., March 1, 1933.
Entry No. 8478/A–B–C.

(Decided February 14, 1939)

*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

McClelland, Presiding Judge: This is an appeal to reappraisement taken against findings of value made by the United States appraiser at the port of San Francisco under the provisions of the Antidumping Act of 1921 and the Tariff Act of 1930 on rubber-soled canvas shoes imported from Japan.

When the case was called for trial counsel for the plaintiff moved for an order declaring the appraisement null and void and setting the same aside—

on the ground that the Collector failed to designate, and the examiner failed to examine, at least one out of every ten packages, as required by the provisions of section 499 of the Tariff Act of 1930

Section 499, *supra*, so far as pertinent, reads as follows:

Imported merchandise, required by law or regulations made in pursuance thereof to be inspected, examined, or appraised, shall not be delivered from customs custody, except as otherwise provided in this Act, until it has been inspected, examined, or appraised and is reported by the appraiser to have been truly and correctly invoiced and found to comply with the requirements of the laws of the United States. The collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of appraisement or otherwise and shall order such packages or quantities to be sent to the public stores or other places for such purpose. Not less than one package of every invoice and not less than one package of every ten packages of merchandise. shall be so designated unless the Secretary of the Treasury, from the character and description of the merchandise, is of the opinion that the examination of a less proportion of packages will amply protect the revenue and by special regulation permit a less number of packages to be examined.

Examination of the record discloses that there were three invoices covered by the entry in question involving in all 540 cartons, of which 13 were designated for examination. The number of cases designated for examination on each invoice is shown to be less than the number required to be so designated in the absence of a special regulation as provided in section 499, *supra*.

In support of the motion counsel for the plaintiff called as a witness George A. Marshall, assistant collector of customs at the port of San Francisco, who, in obedience to a *subpoena duces tecum* produced a letter addressed to the collector of customs at San Francisco under date of August 6, 1932, and signed by Seymour Lowman, then Acting Secretary of the Treasury, under the authority of which the collector purported to act in designating for examination a less number of packages than ordinarily is required under section 499, *supra*, in the instant case.

So far as pertinent, the letter, which was received in evidence without objection as Exhibit 1, reads as follows:

TREASURY DEPARTMENT,
*Washington, Aug. 6, 1932.*

Office of the Secretary.
THE COLLECTOR OF CUSTOMS,
    *San Francisco, California.*

SIR: Reference is made to the Department's letter of March 28, 1930 (102057), relative to the designation for examination at your port under Section 499 of the Tariff Act.

I am of the opinion that the examination of less than one package of every ten packages of each importation of the articles hereinafter enumerated will amply protect the revenue.

You are, therefore, hereby authorized to examine a less number of packages than 10 percent of importations of the following articles, but in no case shall less than 1 percent of every invoice of such articles be examined, except upon special instructions from the Secretary of the Treasury:

\*      \*      \*      \*      \*      \*      \*

Boots and shoes, except Chinese

\*      \*      \*      \*      \*      \*      \*

Respectfully,
(Sgd.) SEYMOUR LOWMAN,
*Acting Secretary of the Treasury.*

It is plaintiff's contention that the foregoing letter does not amount to a special regulation such as is contemplated by the statute. While this contention is in accord with my own view on the matter, I am constrained to follow the decision of the majority of the Court of Customs and Patent Appeals in *United States* v. *C. J. Tower & Sons*, 24 C. C. P. A. 304, T. D. 48754, wherein a letter in all material respects similar to that here involved, addressed to the collector of customs at the port of Buffalo and purporting to authorize the latter official to designate a less number than 10 per centum of importations of bran and shorts was held to be such a special regulation.

It is alternatively contended by counsel for the plaintiff that if the letter quoted above amounted to a special regulation within the meaning of that term as used in section 499, *supra*, it was not promulgated so as to give authority to the acts of the collector purporting to have been done thereunder. It is too well settled to require the citation of

authorities that regulations prescribed under the authority of law, when reasonable and *when duly promulgated*, have the same force and effect as law.

For the purpose of establishing that the special regulation in issue had not been promulgated counsel for the plaintiff examined Mr. Marshall and elicited the testimony that after its receipt copies of the above-quoted letter were made and furnished to the appraiser and to the deputy collector in charge of the Entry and Warehouse Division at the San Francisco customhouse; that it was not the custom to put "this sort of communication" on the bulletin board, but that—

we did consider that the deputy collector in charge of the entry division would call it to the attention of the brokers who represented the importers, and they would have that knowledge.

although he was not able to say of his own knowledge whether that was done.

I also find in the record, as Exhibit 2, a copy of a letter dated September 28, 1938, addressed to the Secretary of the Treasury by plaintiff's attorneys, which reads as follows:

We beg to refer to the letter of your Department under date of August 6, 1932, signed by Mr. Seymour Lowman, Acting Secretary of the Treasury, and addressed to the Collector of Customs, San Francisco, California, authorizing the designation of a less number of packages than 10% for examination by the appraiser of certain merchandise including, among other things, "boots and shoes, except Chinese." Said letter refers to the Department's letter of March 28, 1930 (102057).

Will you be good enough to inform us whether this letter was published in the Weekly Treasury Decisions, and if so, what its Treasury Decision number is? If not so published, will you be good enough to inform us whether the same was called to the attention of the public in any other official communication?

Exhibit 3 is a reply thereto under date of September 30, 1938, over the signature of J. H. Moyle, Commissioner of Customs, the pertinent paragraph of which reads as follows:

You are advised that the letter in question, addressed to the collector of customs, San Francisco, California, under date of August 3, 1932 (102057), was not published as a Treasury decision nor was it called to the attention of the public in any other official communication.

The stipulation entered into between the parties respecting the introduction of the foregoing letters contains this paragraph:

2. That the statements of fact made by Mr. Moyle in his said letter of September 30, 1938, are accepted with the same force and effect as if he had been called as a witness and testified thereto, except that such statements shall be deemed to relate only to acts of the office of the Secretary of the Treasury and the office of the Commissioner of Customs, and not acts of any collector or appraiser at any port.

The majority of the Court of Customs and Patent Appeals in the *Tower* case, *supra*, held that the burden rested on the plaintiff who

843

contended that a special regulation had not been promulgated to prove that fact by competent evidence. This is shown by the following language found near the conclusion of the majority opinion:

* * * On the question of promulgation we find ourselves in the same position as we were in while considering the *Gallagher & Ascher* case, *supra*. Here as there, the importers challenged the validity of the regulation, and here as there, nothing is shown which discloses that there had not been a proper promulgation of the regulation. We must assume that if the same had not been properly promulgated, this fact could have been shown. We must, therefore, presume for the purposes of this decision that the same was properly promulgated. It would have been an easy matter for the importers who attacked the validity of the appraisement to have called the collector at the port of Buffalo, or others, to the witness stand and there elicited proof of the true facts relating to the promulgation or lack of promulgation of said Exhibit 2.

In the case of *Gallagher & Ascher* v. *United States*, 14 Ct. Cust. Appls. 38, T. D. 41548, cited in the excerpt quoted above, Judge Bland, writing the unanimous opinion of the court, said:

A consideration of the above uses of the various terms would indicate that when Congress authorized and directed the Secretary of the Treasury to prescribe regulations and methods for carrying out the provisions of schedule 9, it did not mean by such authorization and direction that he was required to print them in any particular form or place. We do not believe Congress intended that the Secretary of the Treasury might privately or secretly write to or communicate with the collector prescribing such a rule or regulation without in some form promulgating the same so that others interested might have reasonable opportunity of becoming advised as to its provisions. Such action on the part of the Secretary would be an instruction and not a regulation. *Landram* v. *United States*, 16 Ct. Cls. 74. Regardless of the fact that it may be to the best interest of all concerned that such an important regulation as the one involved here should be printed and published in the Treasury Decisions, there is no justification for the contention that the failure to so print it renders it invalid. *A regulation may be promulgated without being printed in the Treasury Decisions, and in the same sense it may be published without being displayed in any recognized publication.* To promulgate means to make known. *Wooden* v. *Western New York & P. R. Co.*, 18 N. Y. Supp. 768. * * *

The record contains no proof as to whether the regulation did or did not come to the notice of the importers in this case, *or as to whether it was or was not promulgated sufficiently, by posting or otherwise*, to require them to take notice of it as a matter of law. * * * [Italics mine.]

The evidence offered by counsel for the plaintiff in the case at bar demonstrates that the special regulation in question was not published in the TREASURY DECISIONS or called to the attention of the public in any other official communication, so far as the offices of the Secretary of the Treasury or Commissioner of Customs were concerned. It also demonstrates that so far as the office of the collector was concerned it was not posted on a bulletin board. As pointed out in the excerpt above from the *Gallagher & Ascher* case, however, these are not the only methods by which a valid promulgation might be

accomplished. It appears that the deputy collector in charge of the Entry and Warehouse Division received a copy and that it was "considered" that he would call it to the attention of those interested. On the question as to whether any attempt was made by the deputy collector so to do the record is silent.

No witness was called to testify that importers or their agents had not received notice of the special regulation and for aught that appears in the record the deputy collector may have properly promulgated it. As held by the Court of Customs and Patent Appeals in the *Gallagher & Ascher* and *Tower* cases, *supra*, the burden rested upon the plaintiff to establish that the special regulation had not been promulgated, and on the record before me I am of the opinion that the plaintiff has failed to complete a *prima facie* showing of that fact, and its motion for judgment declaring the appraisements null and void and setting the same aside is therefore denied.

The case was submitted for decision without the introduction of any evidence on the merits. Under the circumstances I have no other course than to hold that the determination of the basis of value and the appraisements made by the appraiser both under the Antidumping Act of 1921 and the Tariff Act of 1930 were correct. Judgment will issue accordingly.